[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
Both parties appeared and were represented by counsel. All statutory stays have expired, and the court has jurisdiction over the matter. CT Page 6395
Having heard the testimony of the parties, the court finds that the allegations of the complaint are proven and the marriage has broken down irretrievably, with no possibility of reconciliation. Accordingly, the marriage is dissolved on the grounds of irretrievable breakdown. The court further finds that one child was born to the plaintiff prior to the marriage and one child born to the plaintiff subsequent to the marriage. Defendant adopted the child born prior to the marriage. Accordingly, the court finds that both minor children are deemed to be issue of the marriage.
The evidence indicated that the plaintiff must vacate her present Naval housing by June 15, 2002. The court finds that she will be moving to her parents' home in Indianapolis, Indiana. Upon plaintiffs relocation to Indiana, the court finds that the defendant's visitation should occur in Indiana with prior notice to the plaintiff. The court further finds that the defendant will be discharged from the Navy in June 2003. He will be relocating to the Columbus, Ohio area. Upon his relocation, the court concludes that the defendant should have more frequent visitation, again, subject to prior notice to the plaintiff. The parties are further in disagreement as to the contact of the defendant with the children during the summer. The court hereby concludes that expanded visitation with the minor children should commence in the summer of calendar 2003.
As to the issue of child support, the parties are also in disagreement as to the amount of support to be paid by the defendant to the plaintiff. Upon the plaintiffs vacation from Naval housing by June 15, 2002, the defendant will receive an additional Naval housing allowance of approximately $920.00 a month. The plaintiff requests an increase in support to the amount of $210.00 per week which she claims is in accordance with the Guidelines.
The defendant objects to the increase. He claimed that the cost of living is less in Indiana but no proof was offered. The defendant, in addition, contends that the plaintiff has a greater earning capacity than represented at trial. After analyzing the evidence and the exhibits, the court finds that the plaintiff is in reasonably good health and has an additional earning capacity of $150.00 per week. Said conclusion is based in part on the fact that the plaintiff only works three days per week.
In entering its other orders, the court considered the provisions of Connecticut General Statutes §§ 46b-56, 46b-58, 46b-81, 46b-82 and46b-84.
The court enters the following orders. CT Page 6396
1. CUSTODY
The plaintiff is hereby awarded sole custody of the two minor children.
2. VISITATION
a. Until June 15, 2002, the defendant is awarded visitation with the minor children on Tuesdays from 4:00 p. m. to 5:30 p. m. at either the Holiday Bowl in Groton or the Crystal Mall in Waterford, Connecticut, upon notice to the plaintiff by the defendant. If the plaintiff elects to have access at the Crystal Mall, the exchange shall occur at the J.C. Penney catalog area. Plaintiff shall provide all transportation for visitations. The defendant father shall have reasonable phone contact with the children. The defendant shall also have additional visitation with the children on Father's Day from 12:00 noon to 7:00 p. m.
b. Upon the plaintiffs relocation to Indiana, the defendant shall have visitation on a monthly basis in Indiana subject to 72 hours prior notice to the plaintiff. Said visitation shall occur 2:00 p. m. to 7:00 p. m. on Saturday and on Sunday from 9:00 a.m. to 1:00 p. m. The defendant will provide all transportation.
c. Upon the defendant's discharge from the Navy and relocation to Ohio, said visitation shall be modified to every other week and subject to 72 hours prior notice to the plaintiff, such visitation to take place on Saturday or Sunday from 11:00 a.m. to 5:00 p. m. For said bimonthly visitations, plaintiff shall bring the children to Ohio for one visit and defendant shall travel to Indiana for the next visit, and continue alternating thereafter.
d. Commencing the summer of 2003, the defendant shall have the children for one month of the summer. The defendant shall notify the plaintiff on or before March 1St of each year as to his month of visitation. The defendant will have the choice in odd-numbered years and the plaintiff will have the choice in even-numbered years. Said visitation is mandated for all minor children except Michael who will visit with his father for said summer visitation upon his consent.
3. SUPPORT
Prior to the plaintiff vacating Naval housing, the defendant shall pay support for the two minor children at the rate of $140.00 per week. Upon vacating the Naval housing, said child support order shall increase to $195.00 per week. Said support conforms to the Child Support Guidelines. Said support shall be made by immediate wage withholding order. CT Page 6397
4. MEDICAL INSURANCE
The defendant shall maintain medical insurance for his minor children as available through the Navy or subsequent place of employment. The parties shall share equally all unreimbursed and uncovered health-related costs for the minor children.
5. LIFE INSURANCE
The defendant shall maintain his SGLI life insurance in the amount of $250,000.00. He shall name the two minor children as irrevocable beneficiaries for the death benefits sum of $125,000.00 until the youngest child reaches the age of majority.
Upon the defendant's discharge from the military Naval service, he shall maintain life insurance for the benefit of the minor children through their age of majority if such coverage is available at his place of employment at a reasonable cost.
6. ALIMONY
The defendant shall pay alimony in the amount of $75.00 per week and such alimony shall terminate upon the first of the occurrence of the following events:
a. death of either party
b. remarriage of the plaintiff
c. cohabitation by the plaintiff with a third party as provided by statute or
d. expiration of the two-year term from the date of this judgment, at which time plaintiff will have completed her training as an LPN.
Said alimony is non-modifiable as to term.
7. ARREARAGE
The court finds the defendant owes the plaintiff an alimony arrearage in the amount of $825.00. Said arrearage is to be paid over an eight month period in equal monthly installments commencing June 1, 2002. Said arrearage is also to be paid by immediate wage withholding.
8. MOTOR VEHICLES
CT Page 6398
Defendant shall transfer ownership of the 1997 Dodge Caravan automobile to the plaintiff. The plaintiff shall pay and hold the defendant harmless from any indebtedness on said vehicle including taxes and automobile insurance. The defendant shall retain ownership of the 1997 Toyota Tacoma and be responsible for all payments thereon, and will indemnify and hold the plaintiff harmless with regard to any indebtedness on said vehicle.
9. LIABILITIES
Each party shall be responsible for debts in their own names and debts listed on their financial affidavits dated May 14, 2002.
10. ATTORNEY'S FEES
The defendant is ordered to pay $250.00 towards plaintiffs attorney fees in addition to the $500.00 previously ordered by the court for a total of $750.00. Said fees are due and payable in full 90 days from the date of this judgment.
11. TAX EXEMPTIONS
For calendar years 2002 and 2003, each party shall be entitled to claim one minor child as a tax exemption for state and federal purposes. Commencing with the 2004 tax year, the parties shall alternate taking the remaining child as an exemption with the defendant taking the initial exemption for state and federal tax purposes.
 ___________________ J.H. Goldberg, JTR